**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KEVIN BOKUN, ET AL.**                                                                **CIVIL ACTION**

**VERSUS**                                                                                        **NO. 20-467-JWD-RLB**

**USAA CASUALTY INS. CO., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 20, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEVIN BOKUN, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 20-467-JWD-RLB**

**USAA CASUALTY INS. CO., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Plaintiffs' Motion to Amend Complaint Under F.R.C.P. 15(a)(2) (R. Doc. 9) and Plaintiffs' Unopposed Motion to Remand (R. Doc. 10), both filed on August 14, 2020.

### I.  Background

On or about January 21, 2020, Kevin Bokun and Medley Bokun (collectively, "Plaintiffs") filed the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, seeking damages for alleged injuries resulting from a house fire. (R. Doc. 1-1). Plaintiffs filed an Amended Petition on June 1, 2020, naming as defendants the insurers Hanover American Insurance Company, Energy Insurance Mutual Limited ("Energy"), and AEGIS Security Insurance Company ("AEGIS"). (R. Doc. 1-2).

Energy removed the action on July 16, 2020, alleging that the Court has subject matter jurisdiction pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), as adopted and codified at 9 U.S.C. §§ 201-208. (R. Doc. 1).  In particular, Energy asserts that its insurance policy contains a "Dispute Resolution" provision that falls under the Convention. (R. Doc. 1 at 4; *see* R. Doc. 1-3).

Plaintiffs now seek to amend their First Amended Petition to remove all allegations as they pertain to Energy and AEGIS. (R. Doc. 9).  Plaintiffs represent that all parties have reviewed the motion and consent to the amendment. (R. Doc. 9 at 2).  While Plaintiffs do not submit an actual proposed pleading as the Second Amended Petition, they submit a proposed order providing that

"Plaintiffs' Petition is hereby amended to remove allegations as they pertain to Energy Insurance Mutual Limited and AEGIS Security Insurance Company, without prejudice, all other claims made being unaffected by this Order." (R. Doc. 9 at 4).

Assuming amendment is allowed, Plaintiffs also seek remand of the action on the basis that all claims against Energy, the removing defendant, have been removed and there is no basis for retaining subject matter jurisdiction under the Convention. (R. Doc. 10-1 at 2). Plaintiffs represent that all parties consent to remand in light of the sought amendment. (R. Doc. 10-1 at 2).

## II.     Law and Analysis

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Given the lack of any opposition, the Court finds it appropriate to grant Plaintiffs' Motion to Amend Complaint Under F.R.C.P. 15(a)(2) (R. Doc. 9). This will remove all claims brought

against Energy and, therefore, the alleged basis for subject matter jurisdiction under the Convention.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "While the Court has wide discretion in determining whether to exercise supplemental jurisdiction, the 'general rule' is to decline to exercise such jurisdiction when all federal claims have been eliminated prior to trial." *Gopalam v. Smith*, No. 12-542, 2014 WL 518199, *9 (M.D. La. Feb. 6, 2014) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002)). Accordingly, the Court should decline the exercise of supplemental jurisdiction over the remaining claims.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Amend Complaint Under F.R.C.P. 15(a)(2) (R. Doc. 9) be **GRANTED**, and Plaintiffs' First Amended Petition (R. Doc. 1-2) be **AMENDED** to remove all allegations pertaining to Energy Insurance Mutual Limited and AEGIS Security Insurance Company.

**IT IS FURTHER RECOMMENDED** that all claims against Energy Insurance Mutual Limited and AEGIS Security Insurance Company be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Unopposed Motion to Remand (R. Doc. 10) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 20, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**